**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 20-CR-60045-RS**

**UNITED STATES OF AMERICA**
    **Plaintiff,**
**vs.**

**KERBY BROWN, JR.,**
    **Defendant.**
_____/

**UNITED STATES OF AMERICA'S RESPONSE TO**
**DEFNEDANT'S MOTION TO DISMISS ON SPEEDY TRIAL**

The United States of America, through undersigned counsel, hereby files this response to the Defendant's Motion to Dismiss on Speedy Trial:

1. The Indictment in this case was returned on February 13, 2021. (DE 10). On February 14, 2021, the Court entered an order setting trial for March 30, 2020. (DE 12)

2. On February 28, 2020, the Defendant filed a Motion to Dismiss the Indictment. (DE 27) Thus far, fifteen (15) speedy trial days had elapsed. On March 4, 2021, the Court entered an Order denying his Motion, at which time his speedy trial clock restarted. (DE 29). *See* 18 U.S.C. § 3161(h)(1)(D); *United States v. Davenport*, 935 F.2d 1223 (11th Cir., 1991); *United States v. Hohn*, 8 F.3d 1301, 1304-06 (8th Cir. 1993).

3. On March 17, 2020, counsel for the Defendant filed a motion to continue trial. (DE 36). Thus far, twenty-eight (28) speedy trial days had elapsed. On March 18, the Court granted the motion and set the case for trial on May 11, 2020, finding that "the ends of justice served by this continuance outweigh the best interests of the public and the Defendant in a speedy trial." (DE 37). The Court further found that "the period of delay resulting from this continuance from the date the Motion was presented, March 17, 2020, through the start of trial shall be considered

1

excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161." (DE 37). The Defendant's speedy trial clock was therefore tolled beginning March 17, 2020.

4. On July 8, 2021, the court entered Administrative Order 2021-65, Order Concerning Criminal Matters and the Speedy Trial Act. In its Order, the Court stated that the "time period of any continuance entered as a result of this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial. Absent further Order of the Court or any individual judge, the period of exclusions shall be from March 30, 2020 to September 6, 2021." *Id.*

5. On April 25, 2021, the parties filed a joint motion to continue trial until "on or after September 13, 2021." (DE 61). On June 1, 2021, the Court set trial for September 13, 2021, finding that "the ends of justice served by this continuance outweigh the best interests of the public and the Defendant in a speedy trial." (DE 62). The Court further found that the period of delay resulting from the continuance from the date the motion was presented "through the start of trial shall be considered excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161." (DE 62) On the same date, counsel for the defendant filed a Motion to Set Status Conference, noting that the "timing of the trial […] is an issue that should be brought to the attention of the Court." (DE 63).

6. On June 7, 2021, the Court held a status conference, at which time counsel for the defendant requested that the trial date be moved to September 27, 2021. (DE 66). On June 7, 2021, the Court set trial for September 27, finding that "the ends of justice served by this continuance outweigh the best interests of the public and the Defendant in a speedy trial." (DE 67). The Court further found that the period of delay resulting from the continuance from the date the motion was presented "through the start of trial shall be considered excludable time under the Speedy Trial

Act. See 18 U.S.C. § 3161." (DE 67). Therefore, the Defendant's speedy trial clock, will resume on September 27, 2021.

7.      On July 6, 2021, the government filed a motion to continue trial to October 5, 2021. (DE 69). The trial in this case was reset for October 5, 2021. (DE 72). On October 5, 2021, thirty-six (36) speedy trial days will have elapsed.

WHEREFORE, the Defendant's speedy trial calculations and belief that his 70-day period have expired fail to account for the excluded periods of February 28, 2020 to March 4, 2021 and March 17, 2020 to September 27, 2021, the United States respectfully requests that the Court deny the Defendant's Motion to Dismiss.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: _____
ELENA SMUKLER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 91025
99 NE 4th Street
Miami, Florida 33132-2111
Tel.: (305) 961-9444

**CERTIFICATE OF SERVICE**

I HEREBY certify that on August 6, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF

_____
ELENA SMUKLER
ASSISTANT UNITED STATES ATTORNEY